

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN, TEXAS 78711

**JOHN L. HILL**
**ATTORNEY GENERAL**

July 15, 1974

The Honorable Ken Andrews
County Attorney
Young County
Graham, Texas 76046

Opinion No. H- 346

Re: Whether in view of amend-
ment to Art. 3912e, § 4, V. T. C. S,
it is still necessary to maintain
separate accounts of the fees
received by county officials.

Dear Mr. Andrews:

Art. 1617, V. T. C. S., requires each one of several enumerated
county officials who collect money for the use of the county to make a
separate, annual report to the commissioners court of all money received
for the use of the county and to present receipts and vouchers showing
what disposition has been made of the money collected.

Your question to us is whether the amendment to Art. 3912e, § 4,
V. T. C. S., enacted by the 63rd Legislature has rendered compliance with
the separate reporting requirements of Art. 1617 unnecessary. Art. 3912e,
§ 4 now provides:

> Sec. 4. In all counties of this State containing a
> population of less than one hundred and ninety thousand
> (190,000) inhabitants according to the last preceeding
> Federal Census wherein the county or precinct officers
> are compensated on a salary basis under the provisions
> of this Act, there shall be created a fund to be known as
> the "Officers' Salary Fund of _____ County, Texas."
> Such fund shall be kept separate and apart from all other
> county funds, and shall be held and disbursed for the
> purpose of paying the salaries of officers and the salaries

p. 1612

of deputies, assistants and clerks of officers who are drawing a salary from said fund under the provisions of this Act, and to pay the authorized expenses of their offices.  Such fund shall be deposited in the county depository and shall be protected to the same extent as other county funds. The *Commissioners Court of the county, at its first* regular meeting in January of each year, may determine by order made and entered in the minutes of the court that all fees, costs, compensation, salaries, expenses, and other funds which would otherwise be deposited in the Officers' Salary Fund shall be paid into and drawn from the general fund of the county.  In a county where the Commissioners *Court has entered an order to that effect, any reference* in this Act to a salary fund shall be construed to  mean the general fund of the county.

As amended, Art. 3912e, § 4 permits the Commissioners Court of a county having less than 190,000 inhabitants to abolish the Officers' Salary Fund and to provide for placement in the county's general fund of all monies that otherwise would have been deposited in the Officers' Salary Fund.  *But when the Legislature enacted this amendment, it* exhibited no intention to do away with the separate accounting requirements of Art. 1617.

There is no reference to Art. 1617 in Art. 3912e, § 4, nor is there any conflict between the two provisions.  Both can be effectuated at the same time.  If two acts can stand together, the rule is to let them stand. 53 TEX. JUR. 2d, Statutes § 100, p. 149.  Therefore in our opinion each *of the county officials listed in Art. 1617 must continue to comply with* the separate, annual report of monies required by Art. 1617.

## SUMMARY

The separate accounting requirements established

in Art. 1617, V. T. C. S., have not been rendered
unnecessary by the amendment to Art. 3912e, § 4
enacted by the 63rd Legislature.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

LARRY F. YORK, First Assistant

DAVID M. KENDALL, Chairman
Opinion Committee

lg